SIGNED THIS: July 2, 2012

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                )
                                      )
TRINA LYN BAKER,                      ) Bankruptcy Case No. 11-92003
                                      )
            Debtor.                   )

OPINION

This matter having come before the Court on a Motion to Compel filed by the Chapter 7 Trustee; the Court, having heard arguments of counsel and reviewed written memoranda of law filed by the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.    The Debtor, Trina Lyn Baker, filed for relief under Chapter 7 of the Bankruptcy Code on November 1, 2011. Debtor's Section 341 Meeting of Creditors was held on December

21, 2011, at which time the Trustee requested a copy of the Debtor's 2011 Federal and State income tax returns.

2. On December 30, 2011, the Trustee filed a Notice of Intent and a Motion for Turnover with regard to the Debtor's 2011 income tax returns and refunds. Additionally, correspondence was sent to the Debtor reminding her that she should not cash any tax refund and that any refund that she would receive should be turned over to the Chapter 7 Trustee.

3. On February 3, 2012, the Trustee contacted Debtor's counsel inquiring about the copies of the 2011 Federal and State income tax returns and any refunds that may have been received. The Trustee received no response to this correspondence.

4. On February 9, 2012, a hearing was held on the Trustee's Motion for Turnover and the Debtor was ordered to turn over copies of her State and Federal income tax returns for the year 2011, together with any non-exempt portion of her tax refunds. A written order was entered on February 14, 2012, on the Trustee's Motion for Turnover.

5. On March 24, 2012, the Trustee received copies of the Debtor's State and Federal income tax returns showing that the Debtor had filed joint returns with her husband, David Baker. After all applicable credits, the State and Federal tax returns for the year 2011 reflected that the Debtor had non-exempt refunds in the amount of $7,129. It is the Trustee's position that the Debtor's share of those refunds is $3,564.50, and that that amount should be turned over to the Trustee.

6. It is the Debtor's position that the Debtor's husband, David Baker, was the only source of taxable income during the year of 2011, and that, as such, no portion of the 2011 tax refunds should be turned over as property of the Debtor's bankruptcy estate.

7. On April 24, 2012, the Chapter 7 Trustee sent Debtor's counsel a letter again requesting turnover of the funds and advising Debtor's counsel that a letter had also been sent to the Debtor's residence regarding the tax refunds. There was no response to either letter sent by

the Chapter 7 Trustee. As a result, the Chapter 7 Trustee filed the instant Motion to Compel on May 21, 2012.

8.   A hearing was held on June 14, 2012, at which time the parties were given 14 days to file written memorandum of law outlining their positions in this matter.

### Conclusions of Law

The Court has reviewed the written memoranda of law filed by the parties and finds that the only reported decision in the Seventh Circuit concerning this issue is In re Innis, 331 B.R. 784 (Bankr. C.D. Ill. 2005), in which Judge Perkins held that:

> . . . where a debtor and a non-debtor spouse file a joint tax return, any refund is presumptively jointly owned in equal portion by each spouse, so that one half of the refund becomes property of the debtor spouse's bankruptcy estate. This presumption is subject to rebuttal by proof of a court order enforceable between the spouses or by proof of a prenuptial or other written prepetition agreement of the parties that provides for a different allocation of ownership of the refund. See: Innis, supra, at 790.

The Debtor asserts that Judge Perkins' approach taken in Innis is inappropriate and in response cites case authority from other jurisdictions outlining two different approaches taken where joint income tax refunds are at issue. This Court has carefully reviewed the authorities cited by the Debtor and the Innis Opinion and finds that it fully agrees with the position taken by Judge Perkins in Innis finding that joint tax refunds are jointly owned in an equal portion by each spouse and, therefore, half of the refund becomes property of the debtor spouse's bankruptcy estate pursuant to the provisions of 11 U.S.C. § 541(a)(1). This Court is unpersuaded by the authorities cited from other jurisdictions, and finds that a reading of 11 U.S.C. § 541 and of Judge Perkins' cogent opinion in Innis supports the position taken by the Chapter 7 Trustee in this case. As such, the Court finds that the Motion to Compel filed by the Chapter 7 Trustee should be allowed with the Debtor being ordered to turn over the sum of $3,564.50.

###